# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

EARL JONES,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-41

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed this Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Additionally, Plaintiff has filed a Motion to Proceed *in forma pauperis*, (doc. 3), a Motion for a Preliminary Injunction or Temporary Restraining Order, (doc. 4), and a Motion for Appointment of Counsel to assist him with this case, (doc. 2). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel, **DEFERS** ruling on Plaintiff's Motion to Proceed *in forma pauperis*, and **DIRECTS** Plaintiff to amend his Complaint within fourteen (14) days of the date of this Order. Furthermore, and for the reasons set forth below, the Court should **DENY** Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order.

## **BACKGROUND**

Plaintiff's Complaint is difficult to decipher. As best the Court can discern, Plaintiff complains that prison staff failed to prevent an attack on him by another inmate and then failed to properly treat his injuries. (Doc. 1, p. 6.) Plaintiff further contends that he has been denied

clothing and hygiene supplies and that prison staff has prevented him from filing grievances and has retaliated against him for attempting to file grievances. (Id.) As a remedy, Plaintiff requests that the Court allow him to present his claims before a judge. (Id. at p. 9.) In addition, Plaintiff requests a preliminary injunction or temporary restraining order prohibiting Defendant from retaliating against him during the pendency of this action. (Doc. 4.)

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set

of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings replete with "rambling recitations" making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). Moreover, the Eleventh Circuit has stated that the district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x. 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1295 n. 9 (citations omitted)).

In his Complaint, Plaintiff asserts a litany of claims. However, Plaintiff's allegations are difficult to follow. For example, Plaintiff states in his Complaint that:

> By due process By state and Federal Laws Guidelines there and I'm Filing this claim [under 42-USC-1983] of the [prison conditions] of my confinement at G.S.P. Here also as well. By Guards of other Non-medical officials Intentionally Deny or delay your Access to Trea[t]ment and as well put[t]ing Threats of Danger In other Inmates Hands By this is Refused to protect Act. And this Is going against My Rights By State and Federal Guidelines there. And by the Adm. of G.S.P. Refused to Allow officer on the Living unit at All due to Coming In only!

(Doc. 1, pp. 11–12.)

Moreover, to the extent Plaintiff clearly states any claims, those allegations are largely conclusory. For example, Plaintiff states that he is being "denied the right decent conditions in [the] prison," is "being neglected by staff and other [officials]," and that Defendant is "causing [him] mental and emotional injury." (Id. at p. 6.) Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. Thus, the Complaint is due to be dismissed and the

4

motion to proceed *in forma pauperis* is due to be denied. However, the Court will provide Plaintiff the opportunity to amend his Complaint and defers ruling on his *in forma pauperis* motion.

Therefore, for the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in forma pauperis*, (doc. 2), at this time. Plaintiff is **ORDERED** to file an amended complaint within fourteen (14) days of the date of this Order. That amended complaint must include sufficient factual matter to state a claim for relief that is plausible on its face.[1] After that complaint is filed, the Court will conduct the requisite frivolity review and rule on Plaintiff's Motion to Proceed *in forma pauperis*. If Plaintiff does not file an amended complaint, the Court may dismiss this action.

## II.     Motion to Appoint Counsel

Additionally, Plaintiff has filed a Motion for Appointment of Counsel to assist him with this case. (Doc. 2.) In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl

---

[1] Conclusory statements are insufficient to show a right to relief. See Iqbal, 556 U.S. at 678. (Rule 8 "demands more than an unadorned [accusation that] the-defendant-unlawfully-harmed-me[.]"). Therefore, in his Amended Complaint, Plaintiff should clearly describe the specific acts or omissions of Defendant which violated his rights, as opposed to only informing the Court which rights Plaintiff contends have been violated.

5

v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Accordingly, Plaintiff's Motion to Appoint Counsel, (doc. 2), is **DENIED**.

### III. Motion for Temporary Restraining Order

Plaintiff has filed a Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. 4.) Though Plaintiff styles his Motion as an Order directed towards Defendant, he

essentially requests that the Court issue an order enjoining Defendant from retaliating against him for filing this action. (Doc. 4, p. 1.)

To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in

the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction or temporary restraining order. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, the Court should **DENY** his Motion for a Temporary Restraining Order.

## CONCLUSION

For the above stated reasons, the Court should **DENY** Plaintiff's Motion for a Temporary Restraining Order. Plaintiff's Motion to Appoint Counsel is **DENIED**, and Plaintiff is hereby **DIRECTED** to amend his Complaint within fourteen (14) days of the date of this Order to clearly describe the facts underlying his allegations. Should Plaintiff fail to abide by this directive, the Court will dismiss this case for failure to prosecute and failure to follow a court order.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA